*T. ·M. Smith* and *M. C. Kerr,* for appellee.

---

HARRISON *v.* HAAS.

TAX SALES.—Suit to enjoin the execution of a deed under a sale for taxes, and to remove the cloud from the title. The complaint alleged that the sale was illegal, because there was personal property out of which the taxes might have been made.

*Held,* that a court of equity will not interfere to give the relief sought, until the amount of the taxes has been paid or tendered to the purchaser.

APPEAL from the *Morgan* Circuit Court.

RAY, J.—*Haas* filed his complaint, stating that he was the owner of certain real estate which had been sold for taxes, and that a certificate of purchase had been executed and delivered by the auditor to *Harrison,* the purchaser at the tax sale. That at the time of the sale, and at all times prior thereto, after the levy and assessment of said taxes,

plaintiff was the owner of personal property in said county, liable to sale for said taxes, of the value of $500, and that he was still the owner of said personal property. That the treasurer, without searching for said personal property, or seeking to make said taxes out of the same, and without any return of no property found, as to said personal property, advertised and sold said real estate. That *Harrison* held said certificate of purchase, and claimed a deed under the same, and that the certificate was a cloud upon his title. Prayer that the certificate should be canceled and the auditor enjoined from making a deed to *Harrison*. A demurrer to the complaint was overruled. This is assigned for error.

The plaintiff has not waited until the defendant should bring his action for possession of the property, when his defense could be made in a court of law, but has asked the court to interfere under its equity power and protect him from the consequences of his own default. The complainant does not allege that the tax was illegal, but that through his own failure to pay what was due, the officer had proceeded to sell his real estate when he had personal property which was first liable to be sold. He now asks that the purchaser who has paid the tax due from him, and which was before sale a legal lien upon his land, shall be required to deliver up his certificate of purchase, and thus, the taxes paid and the lien removed, the plaintiff shall go acquit of the debt and the purchaser suffer the loss. He asks a court of equity to deprive a purchaser, who has paid the taxes legally due from the plaintiff, of the color of title, which is his only means of enforcing the moral obligation resting upon the plaintiff to make good to him the sum which, through the default of the plaintiff, the officer, under color of law, induced him to pay in discharge of the plaintiff's debt. He asks a court of equity to place him in a better position than he would have occupied if he had at the proper time paid the taxes legally assessed against him, and which were a lien upon his land: that the court

shall remove the cloud, without the payment of the debt. *Qui sentit commodum sentire debet et onus,* is a maxim of the law, and although the law cannot apply its maxims in all cases, yet equity will not violate them. It will not so much as lift a finger to remove a cloud while a moral obligation remains undischarged.

The judgment is reversed, with costs, and the cause remanded, with directions to sustain the demurrer to the complaint.

*W. R. Harrison,* for appellant.

*C. F. McNutt* and *A. Ennis,* for appellee.