## FREETO v. HOUGHTON.

The running of the limitation of the time allowed for securing a mechanics' lien by attachment, under Gen. St., c. 125, s. 12, is not suspended by the lienee's breach of contract causing the lienor to abandon his work and never resume it.

ASSUMPSIT, to secure a lien. Facts found by the court, who reserved the question, whether, under Gen. St., c. 125, ss. 11 and 12, and Laws of 1868, c. 1, s. 38, the plaintiff's sixty days lien, for labor performed and materials furnished for erecting the defendant's building, had expired. The last labor was performed and the last materials were furnished more than sixty days before the attachment. The plaintiff

left his job unfinished, and has not resumed it, because the defendant did not pay him according to the contract.

*Shirley* and *Spring*, for the plaintiff.

*Barnard*, for the defendant.

FOSTER, J.  The plaintiff's lien continued sixty days "after such labor performed or materials furnished."  Whether it would have continued during a temporary suspension of the work if the job had been completed or resumed under the original or any other contract, we need not inquire.  The contract was broken, by the defendant wrongfully, by the plaintiff rightfully.  This suit is brought, not upon the contract, but a rescission of it.  More than sixty days before the attachment the contract had ceased to be in force, or to be executed by either party.  During that period nothing was done or furnished by the plaintiff under the original, or any other, agreement.  He has not resumed the job, nor has either party done anything that can, actually or constructively, bring any part of it within sixty days of the attachment.  If the true construction of the statute is, that the lien lasts sixty days after the termination of a continuous employment, there is, in this case, no element of continuity that can bridge over any part of the sixty days.  The defendant's breach of the contract caused it to be left unexecuted by the plaintiff, but did not alter the fact that the attachment was not made within sixty days "after such labor performed or materials furnished," nor stay the running of the statutory limitation.  The lien had expired.

*Case discharged.*

STANLEY, J., did not sit.