CARPENTER v. TOWN OF DALTON.

A person who has color of title to land may apply for an abatement of the taxes assessed thereon.

The court, in cases properly before it, has the same authority as selectmen to abate taxes.

58  615
67  442
68  470
68  471
58  615
74  537

The fact that a tax on land is assessed to one who does not own it, affords no sufficient reason why the tax should be abated on the owner's appeal, it not being shown that the tax is excessive. Justice requires that he should pay his share of the public taxes. He will therefore be left to his choice,— to pay the tax, or take his chances of losing his title or having a cloud thrown over it by a sale for non-payment.

The provision of Gen. St., *c.* 51, *s.* 4, requiring an account of polls and estate liable to taxation, does not apply to non-residents.

APPEAL from the assessment of taxes in 1877 on several lots of land, all wild or timbered except No. 1, a part of which is a farm with buildings thereon. The petition alleges an overvaluation and an illegal assessment.

The plaintiff's title consists of a quitclaim deed from an administrator in possession, who foreclosed a mortgage to his intestate by a suit March 30, 1876, and conveyed to the plaintiff April 6, following, without license, his tenant attorning to the plaintiff. The selectmen had constructive but not actual notice of the change of title. From 1874 to 1877 inclusive, the lands were taxed to the estate of the deceased mortgagor, and the taxes (except for 1877) were paid by the plaintiff, understanding that the lands had been taxed as non-resident. The notice required by Gen. St., *c.* 51, *s.* 2, was seasonably given. The plaintiff did not exhibit the account required by *s.* 4.

The defendants claim (1) that the plaintiff has no such title as will enable him to maintain this petition; (2) that taxes cannot be abated for the cause that they were unlawfully assessed; (3) that the lands were properly taxed as resident; (4) that the petition cannot be sustained for want of compliance with Gen. St., *c.* 51, *s.* 4.

*Carpenter*, for the plaintiff.

*Crawford*, for the defendants.

SMITH, J. 1. Although the conveyance was without license, yet the administrator being in possession, his deed gave color of title to the plaintiff, and is sufficient to establish the plaintiff's right against all who have no title. *Cheswell* v. *Chapman*, 38 N. H. 14, 20; *Dewey* v. *Stratford*, 42 N. H. 282, 287.

2. The court may abate taxes for any cause which would justify abatement by selectmen. *Briggs's Pet.*, 29 N. H. 547; *Savings Bank* v. *Portsmouth*, 52 N. H. 17.

3. The facts that the right of the mortgagor's heirs or estate to redeem the mortgaged premises had become foreclosed, and that they had neither title nor possession when the assessment of 1877 was made, afford no sufficient reason why the tax should be abated. The court is authorized to make such order as justice requires. Gen. St., *c.* 53, *s.* 11. Justice requires that the petitioner, in common with all

other owners of real estate in Dalton, should be taxed for the fair value of his land. *State Railroad Tax Cases,* 92 U. S. 575 ; *Du Page County* v. *Jenks,* 65 Ills. 275, 289 ; *Ottawa Glass Co.* v. *Mc Caleb,* 81 Ills. 556, 562 ; *Albany & Boston Mining Co.* v. *Auditor-General,* 37 Mich. 391, 395, 398 ; *Cedar Rapids &c. Railroad Co.* v. *Carroll Co.,* 41 Iowa 153, 175 ; *Morrison* v. *Hershire,* 32 Iowa, 271, 277 ; *Parmley* v. *Railroad Co..* 3 Dill. 25, 34 ; *Harrison* v. *Haas,* 25 Ind. 281 ; *Twombly* v. *Kimbrough,* 24 Ark. 459, 476 ; *Adams* v. *Castle,* 30 Conn. 404, 406 ; *Lawrence* v. *Killam,* 11 Kans. 499, 509. It requires that he should not be relieved from the burden of taxation at the expense of the other holders of real estate. Whenever applications of this nature have been presented to the court, relief has been granted upon equitable principles only. In *Perry's Petition,* 16 N. H. 44, 48, the court say, that when the petitioner has property legally taxable to him, coming into court for equitable redress, it is reasonable that he should himself do equity. And in *Cocheco Co* v. *Strafford,* 51 N. H. 455, 470, the court say,—" It is very clear that this is largely an appeal to the discretion of the court, the same as to selectmen, as in the case· of poverty or insanity of the tax-payer, and so in the case of overvaluation of the property assessed ; and there the court should ascertain the true valuation of the property, and adjust the tax accordingly. The jurisdiction was conferred originally upon the court upon this ground, and to be so exercised."

The name of a former owner, or the name of a reputed owner, in the assessment, might often be as useful for practical purposes as the name of the true owner. *Harris* v. *Willard,* Smith (N. H.) 63, 68. It is not necessary to consider how the tax can be collected. Whatever questions may be raised on that subject, no reason for abatement is shown, because it does not appear that the tax is excessive, or that the assessment is in any respect inequitable or injurious to the appellant. No injustice is done him by leaving him to his choice,—to pay the tax assessed upon his land, although assessed to another who has no interest in the land, it not being shown that the tax is any larger than he ought to pay, or to take his chances of being compelled to pay it, losing his title, or having a cloud thrown over it if payment is enforced by a sale for non-payment.

4. The provision of Gen. St., *c.* 51, *s.* 4, requiring persons liable to taxation to return to the selectmen, upon application, an account of the polls and estate for which they are taxable, does not apply to non-residents. It is a reënactment of the statutes of 1791 and 1827, which required such account of the inhabitants of the several towns. *Cocheco Company* v. *Strafford,* 51 N. H. 455, 470–472, where it is said that the language of the revision is not such as to evince a purpose to change the law on this point. Our statute differs from that of Massachusetts, which provides that " no person shall have any abatement by the commissioners unless he shall have brought in a list," and is held to apply to non-residents. *Winnisimmet Company* v. *Chelsea,* 6 Cush. 477, 482. Whether the plaintiff, being a non-resident, must first

apply to the selectmen for abatement before bringing his petition here (Gen. St., *c.* 53, *ss.* 10, 11), is a question not raised by the agreed case.

*Case discharged.*

BINGHAM and CLARK, JJ., did not sit: the others concurred.