## PERLEY *v.* DOLLOFF *& a.*

When an assessment of taxes is made upon an over-valuation, and also when it is illegal, the party aggrieved has a plain and adequate remedy at law by a petition for abatement.

A bill in equity asking for a decree setting aside a sale of the plaintiff's land by a collector of taxes, and to enjoin him from executing a deed thereof to the purchaser, on the ground of an invalid assessment merely, will be dismissed for want of equity when it appears that the tax assessed upon the plaintiff was no more than his proportionate share; nor in such case will the court abate the tax upon a petition for that purpose.

BILL IN EQUITY.   The plaintiff asks for a decree setting aside a sale of his land by the defendant Dolloff, as collector of taxes of the town of Meredith for 1880, to the other defendant, Smith, for non-payment of taxes, and that Dolloff may be restrained from giving and Smith from receiving a deed of said land, which was properly taxed as non-resident.

The material allegations in the bill are, that the assessment was invalid for defects and irregularities; that it was made upon an insufficient vote of the town; that the sale was illegal because the number of acres of the plaintiff's land was not given in the list committed to the collector, as required by Gen. Laws, *c.* 59, *s.* 1; and that the collector's deed, if delivered, will constitute a cloud on the plaintiff's title.   The plaintiff had due notice of the tax, and also of the time and place of sale, which occurred March 1, 1881. The opinion renders a further statement of the facts unnecessary.

*Hibbard,* for the plaintiff.

*Rollins* and *Jewell & Stone,* for the defendants.

BLODGETT, J.   In the view we have taken, it has not been found necessary to inquire or determine whether the alleged defects in the assessment of the plaintiff's non-resident taxes rendered the sale of his land invalid, nor, if so, whether a deed thereof from the collector would constitute a cloud on the title of which equity might properly take cognizance; for there is no ground on which this bill can be sustained.

If the assessment was illegal, a plain and adequate remedy at law was afforded the plaintiff by a petition under the statute for an abatement of his tax *(Savings Bank* v *Portsmouth,* 52 N. H. 17), and the bill should be dismissed for this reason.   But beyond this no case is made for equitable relief, nor would there be if the bill could be regarded as a petition for abatement, because, in such a case, the court is only authorized to " make such order thereon

as justice requires" (G. L., *c.* 57, *s.* 12), which plainly is, that a petitioner, in common with all other owners of taxable estate in his town, shall pay a tax on the fair value of his property; and therefore applications for abatement will be granted upon strictly equitable principles only. *Edes* v. *Boardman,* 58 N. H. 580; *Carpenter* v. *Dalton,* 58 N. H. 616, 617, and cases cited. The plaintiff certainly can stand no better in this proceeding, for equity requires that he should not be relieved from his proportionate share of the common burden of taxation at the expense of the other tax-payers in Meredith. That this would be the result of sustaining the bill is obvious; but irrespective of any such consideration, it must be dismissed upon general principles for a total want of equity. All of the alleged defects being purely technical and in no way injurious to the plaintiff, he has no real ground of complaint whatever; and therefore he must be permitted to take the risk of losing his land, unless he chooses to redeem it by the payment of the taxes allotted to him, and the expense of their collection.

There is also another ground for dismissing the bill, which is, that it is practically a proceeding to prevent the payment of a tax by injunction, which courts of equity will not ordinarily assume to do, and never in a case like this. *Savings Bank* v. *Portsmouth, supra; Brown* v. *Concord,* 56 N. H. 375; *Brooks* v. *Howland,* 58 N. H. 100.

*Bill dismissed.*

SMITH, J., did not sit: the others concurred.