## No. 11,909.

### Rowe v. Peabody.

Tax Sale.—*Injunction.*—*Pleading.*—*Tender.*—*Payment.*—*Equity.*—A complaint to enjoin the issue of an auditor's deed upon an illegal sale of lands for taxes, which fails to aver a tender and to make an offer to pay the lawful taxes to the defendant, is bad on demurrer.

Practice.—*Pleading.*—*Error.*—*Demurrer.*—The overruling of a demurrer for want of sufficient facts to one bad paragraph of a complaint is a fatal error, unless it clearly appears that the judgment for the plaintiff was based upon another paragraph.

From the Starke Circuit Court.

*J. M. Judah* and *O. B. Jameson*, for appellant.

*J. M. Howard* and *E. P. Hammond*, for appellee.

Howk, J.—On the 13th day of December, 1882, the appellee, Peabody, as sole plaintiff, commenced this suit against the appellant Rowe and William Perry, auditor of Starke county, and Francis Smith, attorney-in-fact for William Rowe, as defendants. Afterwards, on December 28th, 1882, the parties appeared in open court, and, on appellee's motion, it was

ordered by the court that upon appellee's filing his written undertaking with surety to the court's approval, the appellant Rowe should be enjoined, until the first day of the next term of court and its further order herein, from receiving, and the defendant Perry, as such county auditor, from executing to Rowe, any tax-title deeds to or for the lands described in appellee's complaint; and the cause was continued. Thereafter, on the 3d day of January, 1883, the appellee filed his written undertaking, with surety approved by the court, as required by the restraining order theretofore granted. Afterwards, on March 31st, 1883, an order of the court was entered, enjoining the auditor of Starke county from making any tax deed or deeds of the lands in the complaint described, until the further order of the court, and the cause was again continued.

Afterwards, on June 1st, 1883, the appellee filed in open court his amended complaint, in two paragraphs, being the only complaint in the record. The appellant Rowe alone appeared to this amended complaint, and, his demurrer to the first paragraph thereof having been overruled by the court, he answered by a general denial of the entire complaint. He also filed his cross complaint, to which the appellee answered or replied by a general denial. The cause being at issue was tried by the court, and a finding was made that the appellee was the owner of all the lands described in his complaint. Upon this finding the court adjudged and decreed that appellee's title in and to all such lands should be forever quieted and set at rest, and that appellant, and all persons claiming under him, should be forever enjoined from asserting any claim or title to such lands, and that appellant pay the costs accrued to the time of filing his cross complaint, and that appellee pay the costs made after that time, without relief.

The court further found that the appellant's tax title was invalid and insufficient to convey the title to such lands, but that it was sufficient to and did carry and support a lien on the lands for the amount of all taxes, costs and charges paid,

together with six per cent. interest thereon, amounting in the aggregate to the sum of $1,771.87, which sum was due the appellant from the appellee. Upon this finding the court decreed that the appellee should, within ninety days thereafter, pay into court for the use of the appellant the sum found due him as aforesaid, with costs, and that, in default of such payment, such lands, or so much thereof as might be necessary to pay such sum, with interest, costs and accruing costs, should be sold as other lands were sold on execution, without relief from valuation or appraisement laws, and without any redemption from such sale by the appellee, or by those claiming under him. The appellant's motion for a new trial having been overruled, he has appealed to this court.

The first error of which complaint is made in argument on behalf of the appellant is the overruling of his demurrer to the first paragraph of appellee's complaint.

The appellee alleged in the first paragraph of his complaint, that he was the owner in fee simple of certain real estate, particularly described, in Starke county; that the appellant unlawfully and wrongfully claimed to have an interest, claim and lien in, to and upon such real estate, adverse to the appellee, the exact nature of which appellee did not know, but believed it to arise out of, and to be founded upon, a pretended sale for taxes; that appellant threatened to procure a tax deed to such real estate from his co-defendant Perry, the auditor of Starke county, who would issue such tax deed if not restrained by the court; that the time of redemption from such tax sale would expire before the trial and hearing of this cause, and appellee prayed that the appellant might be enjoined from receiving, and the defendant Perry from issuing, any tax deed to or for such real estate until the final hearing and determination of this cause; that such pretended sale was what was commonly known as a private sale, made privately and without any notice whatever, and was absolutely void; that such pretended sale for taxes was null and void, and it and appellant's adverse claim, and pretended lien, were

a cloud upon appellee's real estate; that such pretended sale of such real estate was made on the 22d day of March, 1881, by the auditor of Starke county, privately and without any notice whatever of such sale, by publication in any newspaper or otherwise. Wherefore appellee prayed that such title be quieted in him, that such cloud be removed therefrom, and that appellant be forever enjoined from setting up any claim, title or interest in or to such real estate, and from receiving any tax deed therefor from such auditor, founded upon such pretended and void sale for taxes, and that such county auditor, and his successors in office, should be forever enjoined from issuing any tax deed to appellant for such real estate upon such pretended and void sale, and for all other proper relief.

To this paragraph of complaint the appellant demurred upon the ground that it did not state facts sufficient to constitute a cause of action, and this demurrer was overruled by the court. It is earnestly insisted by appellant's counsel, that this ruling of the court was error, and an error of such a character as was not cured by any subsequent action of the court, and as entitles appellant to the reversal of the judgment and decree of the lower court; and, in this view of the case, we fully concur with his counsel.

The appellee's case, as shown by the record, is an appeal to a court of equitable jurisdiction to be relieved from an alleged illegal sale of his lands to the appellant, for unpaid delinquent taxes. It is not claimed that his lands were not liable to taxation, or that the taxes assessed thereon were illegal and unjust, or that the taxes, for which such sale was made, had been paid by appellee and were not delinquent at the time the sale was made. But the only objections, urged by appellee to the validity of such sale, were that the sale to appellant was a private sale and made without any notice by publication or otherwise. The objection urged by appellant's counsel, to the sufficiency of the first paragraph of appellee's complaint, is that it fails to allege any tender by

him of the money due from him and paid, on account of his delinquent taxes, by the appellant in the purchase from the proper officer of such real estate for the amount of such taxes, etc. The rule in equity is familiar which requires that a suitor in equity, seeking equitable relief, must show that he has first offered to do equity, or he will have no standing in a court of equity, and can maintain no suit for the procurement of equitable relief. This rule in equity was applied by this court in *Harrison* v. *Haas*, 25 Ind. 281, to a case very similar in most respects to the case at bar. There, as here, the appellee Haas alleged in his complaint, that he was the owner of certain real estate which had been sold for taxes, and that a certificate of such sale had been executed and delivered by the county auditor to the appellant Harrison, as the purchaser at the tax sale; that at the time of such sale, and at all times prior thereto after the assessment of such taxes, Haas was the owner of personal property in the county, liable to sale for such taxes; that, without any attempt to make such taxes out of such personal property, the county treasurer advertised and sold such real estate to Harrison for such taxes; and that Harrison held the certificate of such sale and claimed a tax deed thereunder, and that such certificate was a cloud upon his title. Prayer for the cancellation of such certificate, and that the auditor be enjoined from making a deed to Harrison.

Upon a demurrer to this complaint, it was held bad by this court, upon the ground that a court of equity would not interfere to give the owner of the real estate the relief sought, until the amount of the taxes had been paid or tendered to the purchaser. Speaking of the claim of the owner of the real estate, in such a case, the court there said: "He asks a court of equity to deprive a purchaser, who has paid the taxes legally due from the plaintiff, of the color of title, which is his only means of enforcing the moral obligation resting upon the plaintiff to make good to him the sum which, through the default of the plaintiff, the officer, under color

of law, induced him to pay in discharge of the plaintiff's debt. He asks a court of equity to place him in a better position than he would have occupied if he had at the proper time paid the taxes legally assessed against him, and which were a lien upon his land: that the court shall remove the cloud, without the payment of the debt. *Qui sentit commodum, sentire debet et onus* is a maxim of the law; and, although the law can not apply its maxims in all cases, yet equity will not violate them. It will not so much as lift a finger to remove a cloud, while a moral obligation remains undischarged."

The case cited was approved and followed in *McWhinney* v. *Brinker*, 64 Ind. 360, where it was held by this court that, in an action to set aside an illegal and void sale of land for delinquent taxes, and to have the certificate of such sale cancelled or annulled, the plaintiff must both allege and prove a tender of the amount necessary to redeem. In the recent case of *Lancaster* v. *DuHadway*, 97 Ind. 565, it was further held by this court that a complaint to set aside a sale of land for taxes, and to cancel the certificate of such sale, on the ground that the plaintiffs have tendered the amount of the taxes and the interest thereon to the purchaser, is insufficient upon demurrer, unless the plaintiffs aver therein that they bring the money tendered into court for the defendant, or that they offer to pay it upon obtaining the relief demanded. The court there said: " The complaint is an application to a court of equity to cancel a certificate of purchase and to enjoin the auditor from executing a deed to the purchaser. This invokes the equitable aid of the court, and it is well settled that a court of equity will not extend its aid to a party who does not himself do equity. * * * This rule requires a party who seeks the equitable aid of a court, in order to protect himself against his adversary in such a case as this, to bring the money due him into court, so that he can take it when the relief is granted. The tender of the money does not pay the debt, and if the relief were granted

without requiring its payment, the court would deprive the purchaser of his only protection by destroying the muniments of his title while the money due him remains unpaid. This a court of equity will not do."

Upon the foregoing authorities it is very clear, as it seems to us, that the first paragraph of appellee's complaint, of which paragraph we have heretofore given in this opinion a full summary, does not state facts sufficient to constitute a cause of action, or to entitle him to the equitable relief he demands therein. Therefore, the trial court clearly erred, we think, in overruling the appellant's demurrer to the first paragraph of complaint. This much, indeed, is virtually conceded by the appellee's learned counsel, in their argument of this cause. But counsel claim that the error of the court, in overruling the demurrer to the first paragraph of complaint, was a harmless error; because, they say, the judgment and decree of the court were rendered wholly upon the second paragraph of complaint, which was not demurred to and which, they argue, states a good cause of action. This position of counsel is not sustained by the record. On the contrary, we think, it is fairly shown by the record that the preliminary restraining orders and the final judgments and decrees, the substance of each of which we have heretofore given in this opinion, were in fact made and rendered by the court wholly upon the first paragraph of complaint. In civil suits, the rule upon the point under consideration, as repeatedly declared in the decisions of this court, is thus stated: Where the judgment below is rendered upon a complaint of two or more paragraphs, and it appears that a paragraph, which is clearly bad, has been held good upon a demurrer thereto for the want of sufficient facts, and the ruling is assigned here as error, the judgment will be reversed by this court, unless the record shows clearly and affirmatively that such judgment was rendered wholly and exclusively upon the good paragraph, and not, also, on the bad paragraph of complaint. In the case in hand, it is enough to say that the

record before us does not show that the judgment and decree below were rendered wholly and exclusively upon the second paragraph, and not, also, on the first paragraph of complaint. *Evansville, etc., Co.* v. *Wildman,* 63 Ind. 370; *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18; *Ethel* v. *Batchelder,* 90 Ind. 520; *Lang* v. *Oppenheim,* 96 Ind. 47.

Other errors are complained of by the appellant, but we need not extend this opinion in the consideration of the questions thereby presented, because the record clearly shows that in this suit the appellee has no standing in a court of equity. This is even shown by the terms of the final decree, wherein he was given ninety days after the date of the decree to do what equity required him to do, before he commenced his suit.

The judgment is reversed with costs, and the cause is remanded with instructions to sustain the demurrer to the first paragraph of complaint, and for further proceedings.

Filed May 25, 1885.