## FOWLER v. SPRINGFIELD.

A tax upon land of a non-resident owner, assessed to his resident agent, will not be abated because the agent, in giving in his inventory, directed the selectmen to tax it as non-resident unless they would tax it to him at a specified valuation, which was less than the valuation actually put upon it.

PETITION for abatement of taxes assessed to the plaintiff in 1884.   Facts found by a referee.   The land described in the petition consisted mainly of woodland, without buildings thereon, and was unimproved land, owned by George W. Atwood, a resident of Wilmot.   A short time prior to April 1, 1884, the plaintiff was told by Atwood, if the selectmen would put it in for $200, to have it taxed to the plaintiff, but if not, to have it taxed as non-resident. The plaintiff told Johnson, chairman of the selectmen, what Atwood said, and Johnson, when he made out the plaintiff's blank inventory, made it the sum of $200, at the plaintiff's request, and the plaintiff then understood that the Atwood land was to be taxed for this amount; but Johnson did not understand at that time or at any time that this sum of $200 was the sum agreed upon as final or conclusive, but in filling out the blank inventory he was acting as the agent of Fowler and not as selectman of Springfield.   The land was taxed to the plaintiff at $250, which was no more than its value.   The selectmen knew that Atwood was owner of the land.

*Shirley & Stone*, for the plaintiff.   Gen. Laws, c. 54, s. 21, provide how this land should be taxed.   It could only be taxed to

Fowler by his consent; but he distinctly stated that it must be taxed as non-resident unless appraised at $200. The tax-payer has a remedy by petition for abatement of an illegal tax as well as an excessive one.

*S. L. Bowers* and *A. S. Wait*, for the defendants.

Bingham, J.    Real estate must be taxed in the town in which it is situate. G. L., *c.* 54, *s.* 11; *Weeks* v. *Gilmanton*, 60 N. H. 500, 503.    On a petition for the abatement of a tax, such order is made as justice requires.    G. L., *c.* 57, *ss.* 11, 12.    Justice requires that there should be paid on this estate a tax equal, according to its value, to that paid on other estates in the town where it is situate. *Perley* v. *Dolloff*, 60 N. H. 504.    In this proceeding only so much of a tax is abated as in equity ought not to be paid, however erroneous in law or in fact the assessment may be. *Edes* v. *Boardman*, 58 N. H. 580, 586.    This estate was taxed in the right town for the right sum, and justice requires that the owner pay it.    The fact that the tax was assessed to a person that did not own the land does not furnish a reason for abating it if he is the owner's agent, and the petition is brought for the owner's benefit.    The tax must be paid, or he must take the chance of losing the land by a sale for non-payment.    *Carpenter* v. *Dalton*, 58 N. H. 615, 617.

*Petition dismissed.*

Blodgett, J., did not sit: the others concurred.