PERRY & a. *v.* FITZWILLIAM.

The equalizing tax required by *s.* 2, *c.* 43, Laws 1885, could be levied at the annual assessment of 1886.

A petition by tax-payers, alleging that the school-district property was appraised under the provisions of *c.* 43, Laws 1885, at "more than double its value in cash, whereby the town has been made to assume a burden which by law should not be borne, to the great injustice of the tax-payers," does not state a case entitling them to relief.

Considering the confusion into which the affairs of the town would be thrown by a reäppraisal and reässessment, unreasonable delay in filing a petition for relief from an excessive appraisal may be strong if not conclusive evidence that the assessors' mistakes are waived.

PETITION, by Calvin B. Perry and one hundred and fifteen others, citizens and tax-payers of the town of Fitzwilliam, alleging that it was the duty of the selectmen in office March 1, 1886, to appraise the school-house and other property of the several school-districts; that they neglected to perform that duty; that the selectmen elected March 9, 1886, appraised said property at "more than double its value in cash, whereby the town has been made to assume a burden which by law should not be borne, to the great injustice of the tax-payers,"—and praying the court to order a new appraisal of said property by the county commissioners or some other legally constituted board, at its actual value, or that the court investigate and determine the value of said property in such manner as may be just and equitable to the tax-payers and citizens of the town,

and that such decree be made as will remit to the tax-payers their just proportion, &c.   The defendants demurred.

*D. H. Woodward*, for the petitioners.

*Batchelder & Faulkner*, for the defendants.

SMITH, J.   The equalizing tax required by *s.* 2, *c.* 43, Laws of 1885, could be levied at the annual assessment of 1886.   This provision implies that the appraisal might be made by the board making the assessment.   It is not necessary to inquire whether it could have been made by their predecessors.

The petition does not state a case entitling the petitioners to relief.   It alleges that in consequence of the excessive appraisal of the property of the several school-districts the "town has been made to assume a burden which by law should not be borne, to the great injustice of the tax-payers," &c.   The town, as a corporation, has not been damnified by the appraisal and assessment.   It has neither paid nor received anything, or, if the assessment and remission can be considered as the receipt and payment of money, the amount remitted to the tax-payers being the same as the amount assessed, it has not suffered by the excessive appraisal.   Nor is it true that all the tax-payers have suffered injustice.   As the amount assessed and remitted to the tax-payers was in excess of the correct amount, and as the excess of the remission was not in the same proportion in all parts of the town district, the effect is, that some of the tax-payers are required to pay more and some less than their respective shares.

It is not alleged that the petitioners were injured by the excessive appraisal; but if that is what they intended to complain of, still sufficient facts are not alleged to enable the court to determine what justice requires.   So much of the proceedings in the appraisal and assessment should be set out as will show wherein injustice has been done.   There is no averment of the date either of the appraisal or of the assessment.   The petition was filed June 22, 1886.   The appraisal may have been made as early as March 10.   Whether it was made so long before the filing of the petition, and whether the fact was so generally known to the tax-payers of the town that their delay in filing their petition should be considered unreasonable and a waiver of any objection to the appraisal, are questions of fact to be settled at the trial.   The confusion into which the affairs of the town would be thrown by a reappraisal and reassessment, especially when, as probably in this case, the taxes are mostly collected, is a reason why application for the correction of the assessors' mistakes should be made at the earliest opportunity; and neglect to make such application seasonably would be strong if not conclusive evidence that the objection to the assessors' mistakes is waived.

The petitioners may consider whether they will move to amend, and in what respects. Unless leave is obtained at the trial term to amend, the petition must be dismissed. As the demurrer is sustained on other grounds, it is unnecessary to consider whether the petitioners' remedy is by abatement, or whether an appeal lies from the judgment of the selectmen in making the appraisal and assessment.

*Case discharged.*

CARPENTER, J., did not sit : the others concurred.