CHAMBERLAIN & a. v. LYNDEBOROUGH & a.

A bill in equity by tax-payers for an injunction to prevent the use of the town's money to assist an artillery company in the erection of a building to be used for an armory, as well as for certain town purposes, comes too late if not begun until two and a half months after the vote of the town authorizing such appropriation, when it appears that in the meantime the erection of the building has been commenced.

BILL IN EQUITY, by certain tax-payers of Lyndeborough, for an injunction to prevent the use of money belonging to the town to assist the Lafayette Artillery Company in erecting a building to be used by them for an armory, and by the town for certain specified purposes. At the annual meeting, held March 31, 1888, under a suitable article in the warrant for that purpose, the town voted " to raise and appropriate $2,000 to assist the Lafayette Artillery Company in building an armory building, said building to contain a vault for the safe keeping of town records and other valuables, a library room, reading-room, and a public hall." It was further voted " that the building committee be composed of five, three for the town and two for the artillery company," and three persons were chosen to that office on the part of the town. A tax was

assessed in accordance with this vote, and a portion of it had been collected before the bill was filed. The building committee commenced operations soon after the town-meeting, and before the filing of the bill; and the plaintiffs allege that they fear the town and the selectmen and building committee will, unless restrained by injunction, expend the money of the town for the purpose specified, which they claim to be unlawful. The selectmen and building committee are made defendants. The bill also prays that the collector be enjoined from collecting the tax assessed for the above purpose.

*Sulloway & Topliff*, for the plaintiffs.

*C. H. Burns* and *Burnham & Brown*, for the defendants.

BLODGETT, J. It is unnecessary to consider the question of the validity of the proceedings as to which complaint is made, because, whatever may have been the original equity of the plaintiffs' case (concerning which no opinion is expressed), they have disentitled themselves to equitable relief by their long and unexplained delay in making the application.

It appears from the reserved case that the vote which the plaintiffs complain of and set forth, making an appropriation of money by taxation for objects alleged to be illegal and unauthorized, was passed at the last annual meeting of the town, holden on March 31; that, acting under this vote, the selectmen seasonably assessed this tax in common with other taxes, and committed the list to the town collector for collection; that a part of these taxes had been collected prior to the filing of the plaintiffs' bill on June 16; and that in the meantime the building committee, in the discharge of their duties under the vote, had commenced operations towards the erection of the building.

Upon these facts (and without regard to those offered to be proved by the defendants as to the acceptance by the town of a deed of the land, etc.) the plaintiffs fail to show proper diligence in coming to the court. As inhabitants of the town, they were doubtless fully cognizant of the vote, and also of the consequent proceedings which would follow in carrying it into effect unless restrained by injunction, and it was therefore obligatory upon them, if dissatisfied, to take measures accordingly. This they were in a legal condition to do as soon as the vote was passed; and if not bound to assert their rights then, on the ground that delay in taking proceedings is not material so long as matters remain *in statu quo*, they were at least bound to assert them within a reasonable time thereafter, and before the town, in good faith and in the exercise of ordinary diligence, should take further action in pursuance of the requirements of the vote. The well established rule in equity is, that if a party is guilty of laches or unrea-

sonable delay in the enforcement of his rights, he thereby forfeits his claim to equitable relief.  Kerr Inj., *ss.* 23, 123, 184, 278, 319, 372, 484; Drewry Inj. 294; 2 Sto. Eq. Jur., *s.* 959, *a.*  And this is more especially so where a party, being cognizant of his rights, does not take those steps which are open to him, but lies by and suffers other parties to incur expenses and enter into engagements and contracts of a burdensome character.  *Tash* v. *Adams*, 10 Cush. 252, 253.  The unexplained failure of the plaintiffs to take any legal action whatever for a period of more than two and a half months after their right accrued, and until after the town had incurred expense, assumed obligations, and changed its position, brings this case far within the rule.

As the case now stands, the bill must be dismissed.  If, however, the plaintiffs desire an opportunity to explain their delay, it will be afforded them at the trial term.

*Case discharged nisi.*

CLARK, J., did not sit: the others concurred.