Ferris *v*. The Berkshire Life Insurance Company.

Filed Nov. 26, 1894.

--------◆--------

No. 16,323.

FERRIS *v*. THE BERKSHIRE LIFE INSURANCE COMPANY.

QUIETING TITLE.—*Judgment Lien.—Tax Lien.*—The question involved here, that the title of one holding under a judgment lien can not be quieted until the tax lien thereon is discharged, was decided in *Browning* v. *Smith*, 139 Ind. 280.

NEW TRIAL.—*As of Right.—Abandonment of.—Right to Commence Action Anew.*—Where parties are entitled to a new trial as of right, they can not abandon such right by dismissing the cause, and then commence the action anew.

From the Marion Circuit Court.

*F. J. VanVorhis, W. W. Spencer, W. E. Niblack, S. Claypool* and *E. P. Ferris,* for appellant.

*O. B. Jameson,* for appellee.

COFFEY, J.—This was an action brought by the appellant against the appellee in the Marion Circuit Court to quiet title to the real estate described in the complaint in the cause. A trial resulted in a special finding of the facts and conclusions of law thereon, upon which the court rendered judgment for the appellee.

The appellant assigns as error that the circuit court erred in its conclusions of law upon the facts found.

It appears from the facts found by the court that Browning and Sloan recovered judgment in the Marion County Superior Court against the Indianapolis Wagon and Agricultural Works on the 19th day of October, 1876, which, at that time, became a lien on the real estate in controversy. On the 23d day of February, 1886, the property was sold on an execution issued on this judgment and the appellant claims title under this judgment and sale. It further appears that the taxes on this property were permitted to run delinquent and, remaining unpaid, it was sold for the nonpayment of such taxes, and that the appellee, at the time of the commencement of this suit, held the lien of the State for such taxes if it was not in fact the owner of the property. The appellant has never paid, or offered to pay, these delinquent taxes or in any manner to discharge the lien created thereby.

Under this state of facts we think it clear that the appellant was not entitled to a decree quieting his title to the real estate involved in this suit.

Assuming, without by any means deciding, that the appellant now holds the title owned by the Indianapolis Wagon and Agricultural Works at the time the judgment in favor of Browning and Sloan was rendered, it was his duty, as it would be the duty of that corporation, to pay the taxes legally assessed against the property before he could have the title quieted. The tax lien was superior

to the judgment lien of Browning and Sloan and the sale on the judgment was subject to that lien. The title held by the appellant, if he has any, is subject to that lien, and it would be unjust and inequitable to permit him to quiet title against the holder of the lien. The rule that he who asks equity must do equity is applicable to the case, and until appellant pays or offers to pay this superior claim a court of equity "will not so much as lift a finger to aid him."

The question involved in this case was also involved in the case of *Browning* v. *Smith,* 139 Ind. 280, and it was there held that the title could not be quieted until the tax lien was discharged. We adhere to that ruling.

The court did not err in its conclusions of law upon the facts stated in the special finding.

As bearing upon the question here decided see *Harrison* v. *Haas,* 25 Ind. 281; *McWhinney* v. *Brinker,* 64 Ind. 360; *Lancaster* v. *Du Hadway,* 97 Ind. 565; *Rowe* v. *Peabody,* 102 Ind. 198; *Shannon* v. *Hay,* 106 Ind. 589.

After the rendition of judgment, the appellant moved the court for a new trial as of right, but his motion was overruled and he excepted. The bill of exceptions states that the motion was overruled "for the reason that there has been already two trials upon the merits of this cause as to the same property."

It appears from the finding of facts before us that the appellant and Robert Browning commenced an action in Marion county against the appellee and others to quiet title to the same land now in dispute, which action was tried in the Morgan Circuit Court, to which it had gone on change of venue, on the 1st day of June, 1888. The trial resulted in a finding and judgment against the appellant and Browning.

On the 25th day of May, 1889, the plaintiffs in that action applied for and obtained a new trial as of right

Ferris v. The Berkshire Life Insurance Company.

under the statute. They failed to enter upon another trial of the cause, but subsequently dismissed it and the appellant commenced this action.

The judgment rendered in the Morgan Circuit Court was a bar to this action. *Ferris* v. *Udell*, 139 Ind. 579.

The appellant and Sloan were entitled to a retrial of the issues tendered in the case pending in the Morgan Circuit Court, but they could not abandon that right and commence a new action. If they were permitted to do so, and then obtain a new trial in an action subsequently brought for the same cause in another court, there would be no end to litigation in an action involving title to real estate. Our statute giving the losing party one new trial, as of right, in this kind of action, was not intended to secure the result contended for by the appellant in this suit.

In our opinion the court below did not err in refusing to grant the appellant a new trial of this cause as of right.

Many other questions are presented and argued by the parties to this suit, but as the questions here decided dispose of the case on its merits, we deem it unnecessary to consider them.

Judgment affirmed.

HACKNEY, J., took no part in the decision of this cause.

Filed Oct. 9, 1894; petition for a rehearing overruled Dec. 19, 1894.