Rockingham, }
May 3, 1910. }

### Rowe *&. a. v.* Hampton *&. a.*

The sole remedy of one who seeks to avoid payment of a sewer tax on the ground of illegal assessment is to apply to the selectmen for an abatement, and in the event of their neglect or refusal, to seasonably file a petition in the superior court for a like purpose.

A court of equity will not ordinarily enjoin the collection of a tax, as an application for abatement furnishes a plain and adequate remedy.

BILL IN EQUITY, to enjoin the collection of a tax. Trial by the court. Transferred from the January term, 1910, of the superior court by *Plummer,* J., on the defendants' exceptions to the denial of their motion to dismiss the bill and to the granting of a temporary injunction restraining the collection of the tax.

The allegations of the bill were in substance as follows: The town of Hampton, at a special meeting held June 6, 1908, voted to adopt the provisions of chapter 79, Public Statutes, and to construct a common sewer at Hampton Beach in the town of Hampton, for the public convenience and health. The sewer was constructed in 1908, and the following year the selectmen assessed upon each person whose real estate was specially benefited his share of the expenses thus incurred (P. S., *c.* 79, *s.* 4) and committed the assessment to the collector of taxes with a warrant to collect the same. P. S., *c.* 79, *s.* 5. The plaintiffs are the persons upon whose real estate the taxes were assessed, and they bring this proceeding against the town and the tax collector to enjoin the collection of the tax and the sale of their property.

The plaintiffs attack the assessment upon the following grounds: (1) That the vote taken upon the second article in the warrant, at the special town-meeting held June 6, 1908, was illegal and void because it involved the raising and appropriating of money, and the ballots cast were not equal in number to one half the number

of legal voters borne on the check-list of the town at the annual election next preceding such special meeting (P. S., *c.* 40, *s.* 4); (2) that the Hampton Beach Village District, which was organized in 1907, under chapter 53 of the Public Statutes, for the purpose, among others, of constructing and maintaining main drains and common sewers, embraced the territory through which the sewer in question was built, and that the district had not adopted the provisions of chapter 79, Public Statutes; (3) that because of the existence of the district, the town had no authority to construct the sewer in the district, and because the district had not adopted the provisions of chapter 79, the selectmen had no authority to construct the sewer therein (P. S., *c.* 79, *ss.* 2, 10), or to assess the benefits upon the plaintiffs' property (*s.* 4).

*Samuel W. Emery* (of Massachusetts), for the plaintiffs.

*Eastman, Scammon & Gardner*, for the defendants.

BINGHAM, J. The defendants' motion to dismiss the bill should have been granted. The remedy afforded the plaintiffs by section 6, chapter 79, Public Statutes, for abatement of their taxes by application to the selectmen, and in case of their neglect or refusal, by petition to the superior court within the time there prescribed, is plain and adequate to redress any errors in the assessment of which they complain, even though "the whole assessment is illegal." *Rockingham Ten Cent Savings Bank* v. *Portsmouth*, 52 N. H. 17, 30; *Brown* v. *Concord*, 56 N. H. 375, 386; *Edes* v. *Boardman*, 58 N. H. 580, 584, 585, 589; *Perley* v. *Dolloff*, 60 N. H. 504; *Cheshire County Tel. Co.* v. *State*, 63 N. H. 167; *School District* v. *Carr*, 63 N. H. 201; *Canaan* v. *District*, 74 N. H. 8. It is not merely an adequate remedy, but the statute plainly indicates that it was intended to be the only available remedy for errors that can be corrected on appeal. *Edes* v. *Boardman*, 58 N. H. 580, 591–594. In the latter case (*p.* 594), the court in construing sections 10 and 11, chapter 53, General Statutes (P. S., *c.* 59, *ss.* 10, 11), which provided a remedy for the abatement of taxes annually assessed, said: "The appeal of one who is not delinquent in the exhibition of an account must be brought within nine months after notice of taxation; and on his appeal such order must be made as justice requires. The limitation of the time, the equitable limitation of the nature of the remedy, and the public and private mischiefs intended to be suppressed by these limitations, show there is no other remedy against the town for any error correctible on appeal." The fact that section 6 limits the time within which an appeal may be taken to ninety

days instead of nine months, and does not require a compliance with chapter 57 of the Public Statutes as to exhibiting an account, does not alter its meaning in the particular here in question.

"There is also another ground for dismissing the bill, which is that it is . . . a proceeding to prevent the payment of a tax by injunction, which courts of equity will not ordinarily assume to do, and never in a case like this." *Perley* v. *Dolloff*, 60 N. H. 504, 505; *Rockingham Ten Cent Savings Bank* v. *Portsmouth*, *supra; Brown* v. *Concord, supra; Brooks* v. *Howland*, 58 N. H. 98, 100.

*Bill dismissed.*

All concurred.