Rockingham, }
April 2, 1912. }

### PAGE v. PORTSMOUTH.

The question whether prior notice to the property owner is essential to the validity of a tax assessed under section 9, chapter 59, Public Statutes, is not material upon a petition for abatement of the tax.

PETITION, for the abatement of a tax assessed under section 9, chapter 59, Public Statutes. Transferred from the October term, 1911, of the superior court by *Wallace,* C. J., on an agreement that if notice to the plaintiff prior to the assessment was essential to the validity of the tax, it is to be abated.

*John W. Kelley* and *Calvin Page* (*Mr. Kelley* orally), for the plaintiff.

*Samuel W. Emery, Jr.* (by brief and orally), for the defendants.

YOUNG, J. The determination of the question transferred is not material to the matter in issue and has not been considered for that reason. The matter in issue in a tax appeal is whether the petitioner's tax is greater than it should be (*Granite State Land Co.* v. *Hampton, ante,* 1, 7; *Winnipiseogee etc. Co.* v. *Laconia,* 74 N. H. 82; *Conn. Valley Lumber Co.* v. *Monroe,* 71 N. H. 473, 479), and not whether the assessors omitted to give him the statutory notice (*Crowell* v. *Londonderry,* 63 N. H. 42, 49), or failed to comply with the other provisions of law in respect to making the assessment. *Bickford* v. *Franconia,* 73 N. H. 194, 197; *Campbell* v. *Windham,* 63 N. H. 465.

*Case discharged.*

All concurred.