Grafton
No. 99-259

THE STATE OF NEW HAMPSHIRE

v.

BUFFIE MARY SAWYER

January 19, 2001

*Philip T. McLaughlin,* attorney general (*Ann M. Rice,* senior assistant attorney general, on the brief and orally), for the State.

*Jenifer Bensinger Ackerman* and *Carl Olson,* assistant appellate defenders, of Concord (*Ms. Ackerman* on the brief, and *Mr. Olson* orally), for the defendant.

NADEAU, J. The defendant, Buffie Mary Sawyer, appeals the Superior Court's (*Fitzgerald,* J.) denial of her motion to suppress the fruits of a warrantless entry into her dwelling. For the reasons that follow, we reverse.

On September 9, 1998, Officer Jeffrey T. Williams of the Haverhill Police Department was called to the scene of a motor vehicle stop. The driver of the vehicle could not produce identification, and he asked the defendant, a passenger, to go to the apartment they shared to obtain some form of identification. Because the defendant did not have a driver's license and the weather was inclement, Williams offered to escort her to the apartment in his police cruiser.

Upon reaching the defendant's apartment building, Williams followed the defendant inside. Once inside, he followed her up a set of stairs, unaware that the stairs were part of her apartment. At the top of the stairs, when he realized that he had entered the defendant's apartment, he stopped and waited for the defendant. Williams had not asked to enter the apartment, nor had the defendant invited him to enter. While waiting, he observed a handgun in plain view. Williams confiscated the handgun, which formed the basis of several subsequent searches and ultimately led to charges against the defendant.

The defendant moved to suppress all evidence obtained following Williams' entry into her apartment, arguing that Williams' failure to

obtain her "manifest. consent" to enter the premises was a violation of her State and federal constitutional rights to be free from unreasonable searches and seizures. *See* N.H. CONST. pt. I, art. 19; U.S. CONST. amend. IV.

The trial court ruled that "[t]he constitutional protections relied upon by the defendant[] only apply to police investigative activities that are properly classified as 'searches.'" The court concluded that because Williams was not engaged in a search when he was in the defendant's apartment, the evidence obtained as a result of his presence should not be suppressed.

On appeal, we look first to our State Constitution, using decisions of the United States Supreme Court and other jurisdictions only as aids in our analysis. *See State v. Ball*, 124 N.H. 226, 231-33, 471 A.2d 347, 350-52 (1983); *Michigan v. Long*, 463 U.S. 1032, 1040-41 (1983).

▮ Contrary to the trial court's ruling, Part I, Article 19 of our State Constitution protects individuals from warrantless police entries as well as warrantless searches. *See State v. Ricci*, 144 N.H. 241, 243, 739 A.2d 404, 406 (1999). In fact, because the protections provided by Part I, Article 19 "are never in sharper focus than when viewed in the protection of one's dwelling," the warrant requirement is. "particularly stringent" when entry into the defendant's home is at issue. *State v. Thompson*, 132 N.H. 730, 733-34, 571 A.2d 266, 268-69 (1990); *Ricci*, 144 N.H. at 243, 739 A.2d at 406. Thus, the trial court erred in concluding that Williams' conduct did not trigger the defendant's State and federal constitutional protections.

The trial court did not address whether the defendant's conduct constituted consent for Williams to enter the apartment. "We ordinarily would remand this unresolved issue; however, when a lower tribunal has not addressed a factual issue, but the record reveals that a reasonable fact finder necessarily would reach a certain conclusion, we may decide that issue as a matter of law." *Appeal of Cote*, 139 N.H. 575, 580, 660 A.2d 1090, 1094 (1995). Because the parties fully litigated this issue below, and because the essential facts are not in dispute, we will consider whether a reasonable fact finder could conclude that the defendant's conduct constituted consent.

▮ Warrantless police entries are *per se* unreasonable and thus illegal unless made pursuant to a judicially created exception. *See Ricci*, 144 N.H. at 243, 739 A.2d at 406; *State v. MacDonald*, 129 N.H. 13, 20, 523 A.2d 35, 39 (1986). When, as here, consent is the proffered justification for the warrantless entry, the State bears the burden of establishing, based upon the totality of the circumstances,

that the consent was free, knowing, and voluntary. *See State v. Diaz*, 134 N.H. 662, 664, 596 A.2d 725, 727 (1991); *State v. Jones*, 131 N.H. 726, 728, 560 A.2d 1159, 1160 (1989). The State must establish consent by a preponderance of the evidence. *See Diaz*, 134 N.H. at 664, 596 A.2d at 727.

The State agrees that the defendant did not explicitly consent to the officer's entry into her apartment. Rather, the State argues that the totality of the circumstances supports a conclusion that the defendant consented to the officer's entry.

■ Although we consider the totality of the circumstances when determining whether consent to enter is given freely, knowingly, and voluntarily, where consent is not explicitly given, the surrounding circumstances must demonstrate by a preponderance of the evidence that the defendant's implied consent to permit entry was unambiguous. Absent an explicit invitation to enter or a grant of permission in response to a request to enter, a warrantless entry based on consent implied from the defendant's *conduct* will be subject to stringent review.

Such a rule is consistent with our prior decision in *State v. Diaz*, 134 N.H. 662, 596 A.2d 725 (1991). In *Diaz*, we suggested that the defendant's acquiescence to the officer's statement, "let's go back to your [motel] room and get [your identification]," constituted consent for the officer to accompany the defendant back to his motel room. *Id.* at 664-65, 596 A.2d at 726-27. There, the officer explicitly asked to return to the defendant's room, and the defendant unambiguously responded, "no problem." *Id.* at 664, 596 A.2d at 726.

Illustrating the stringency with which we evaluate consent to enter a dwelling, we ultimately concluded in *Diaz* that the defendant's consent to "go back to" the motel room did not unambiguously authorize the officer to enter the room, noting that "[a]ccepting an invitation to return to one's residence in order to produce identification sufficient to answer an officer's questions is significantly different from inviting the police to enter a private area and observe all subsequent activities." *Id.* at 665, 596 A.2d at 727.

The State argues that, judging the existence of consent by an objective standard, it was reasonable for Williams to infer consent from the defendant's conduct. The State relies on a prior case in which we held that the scope of a defendant's consent to search should be judged by an objective standard. *See State v. Baroudi*, 137 N.H. 62, 64-65, 623 A.2d 750, 751-52 (1993). While we agree that a determination of the existence of consent should be judged by an objective rather than subjective standard, the threshold issue when

considering a defendant's non-explicit consent to enter a dwelling remains whether the defendant's conduct unambiguously manifested consent to enter.

The State emphasizes that Williams and the defendant were engaged in conversation as they walked up to and entered the apartment. That conversation included a discussion about what kind of identification the defendant needed to produce. It is undisputed that the defendant neither explicitly invited Williams to enter her apartment, nor explicitly granted him permission in response to a request to enter. She simply entered the apartment and Williams followed her.

Admittedly, we can conceive of circumstances in which a homeowner's conduct at the threshold of a dwelling might constitute unambiguous manifestation of consent to enter despite the absence of an explicit invitation. For example, a homeowner who holds the door ajar and physically indicates to an officer that he or she may enter to conduct a home safety survey may be found to have unambiguously consented to the officer's entry. The defendant's conduct in this case, however — entering her apartment while engaged in conversation with the officer and failing to instruct him not to enter — can hardly be described as manifesting unambiguous consent for Williams to enter the apartment.

We hold that no reasonable fact finder could conclude that the State met its burden to establish the defendant's consent by a preponderance of the evidence. Therefore, Williams' presence in the defendant's apartment violated Part I, Article 19 of our State Constitution, and the trial court erred by refusing to suppress the handgun and all fruits that flowed therefrom.

*Reversed.*

BROCK, C.J., and BRODERICK and DALIANIS, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred.