Coos County Probate Court
No. 99-487

BERTHA M. CHAPMAN, AS ADMINISTRATRIX OF THE ESTATE OF
MARY H. CHAPMAN

v.

CHARLES G. DOUGLAS, III

March 29, 2001

*Orr & Reno, P.A.*, of Concord (*James P. Bassett & a.* on the brief, and *Mr. Bassett* orally), for the Associated Press.

*McLane, Graf, Raulerson & Middleton, P.A.*, of Manchester (*Charles A. DeGrandpre* and *Ralph F. Holmes* on the brief, and *Mr. Holmes* orally), for Bertha Chapman.

*Douglas, Robinson, Leonard & Garvey, P.C.*, of Concord (*Susanna G. Robinson* on the brief and orally), for Charles G. Douglas, III.

*Philip T. McLaughlin*, attorney general (*Michael S. DeLucia*, director of charitable trusts, and *Michael A. Ricker,* attorney, on the brief), for the State.

O'NEILL, J., superior court justice, specially assigned under RSA 490:3. This is an interlocutory appeal without ruling from the Coos County Probate Court (*Patten*, J.). *See* SUP. CT. R. 9. The petitioners, the Associated Press and Theodore Kamasinski, challenge the constitutionality of RSA 506:7, VI (1997), which provides that "[u]nless good cause is shown, court hearings conducted on [petitions dealing with powers of attorney] shall be closed to the general public." We conclude that good cause has been shown and remand the matter to the probate court for disposition. Because this

conclusion is dispositive, we need not reach the constitutional issues raised by the petitioners.

The petitioners seek access to the hearings and proceedings in a case brought by Bertha M. Chapman (Ms. Chapman) as Administratrix of the Estate of Mary Chapman against Charles G. Douglas, III (Mr. Douglas). Ms. Chapman has raised several claims against Mr. Douglas, two of which involve RSA 506:7. In her petition, Ms. Chapman generally asserts that Mr. Douglas breached his fiduciary duties to Mary Chapman, that he committed unauthorized acts as Mary Chapman's attorney-in-fact and that he intermeddled in her estate. Ms. Chapman's claims, in part, also involve a charitable trust created by Mr. Douglas from Bertha Chapman's and Mary Chapman's funds.

█ In their petition seeking access to the proceedings in the *Chapman* case, the petitioners argued that RSA 506:7, VI is unconstitutional in light of this court's ruling in *Petition of Keene Sentinel*, 136 N.H. 121 (1992). Mr. Douglas objected to the petitioners' request to gain access to the hearings in the *Chapman* case. He averred that: (1) the probate court lacked jurisdiction to determine the constitutionality of RSA 506:7, VI; and (2) that the holding in *Keene Sentinel*, and particularly the presumption of openness and/or access provided therein, is not dispositive where the legislature has determined that certain proceedings should be closed. Ms. Chapman submitted that "good cause" exists within the meaning of the statute and urged the probate court to open the proceedings so her case could be concluded expeditiously. She asserted that the proceedings should be open in light of: (1) Mr. Douglas' prominent status as an attorney, a former Superior Court and State Supreme Court judge and United States Congressman; (2) the gravity of the allegations; (3) the public interest in the case; (4) the strong public policy in favor of open proceedings; and (5) Ms. Chapman's advanced age and desire for judicial finality. The State adds that another important public concern involves the termination of a charitable trust.

In their respective briefs, both Ms. Chapman and the State argue that we need not reach the constitutional issues raised because ample "good cause" has been shown and therefore the proceedings should be opened. The petitioners do not offer any argument in support of, or in opposition to, this approach. In his brief, Mr. Douglas argues that in determining the constitutionality of RSA 506:7, VI, we must balance the competing rights protected by the statute. Although Mr. Douglas emphasizes the importance of per-

sonal privacy, he does not indicate what privacy interests he seeks to protect. Further, at oral argument, when his attorney was asked what interests he sought to protect, the only response was that Mr. Douglas had an equal protection interest in keeping the matter closed as conferred upon him by the statute.

We find the reasons proffered by Ms. Chapman and the State compel the conclusion that "good cause" under RSA 506:7, VI has been shown. While the probate court did not address whether good cause had been shown, the record reveals that a reasonable fact finder necessarily would reach this conclusion. Therefore, we decide the issue as a matter of law. *See State v. Sawyer*, 145 N.H. 704, 706 (2001).

We need not reach the constitutional arguments raised by the petitioners and Mr. Douglas. We follow an established policy against reaching a constitutional issue in a case that can be decided on a non-constitutional ground. *State v. Hodgkiss*, 132 N.H. 376, 379 (1989); *see also Bedford Residents Group v. Town of Bedford*, 130 N.H. 632, 638 (1988) ("We will not reach a constitutional issue properly presented where we can rely on a nonconstitutional ground, and base our decision on statutory provisions." (quotations and citations omitted)). Accordingly, the hearings conducted on the underlying matter shall be open to the public. We remand this matter to the probate court for further proceedings consistent with this opinion.

*Remanded.*

DUGGAN, J., concurred; MOHL and BARRY, JJ., superior court justices, specially assigned under RSA 490:3, concurred.