Hillsborough-northern judicial district
No. 2003-109

## DAVID DILLMAN

v.

## NEW HAMPSHIRE COLLEGE

Argued: November 12, 2003
Opinion Issued: December 30, 2003

*Robert K. Mekeel, P.A.*, of Concord (*Robert K. Mekeel* on the brief and orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green, P.A.*, of Manchester (*Edward A. Haffer* on the brief and orally), for the defendant.

BRODERICK, J. The defendant, New Hampshire College (college), now known as Southern New Hampshire University, appeals a jury verdict in favor of the plaintiff, David Dillman, for breach of contract. The defendant contends that the plaintiff was an at-will employee who could be terminated without cause and that the Superior Court (*Brennan*, J.) erred in denying its motion for a directed verdict. We affirm.

The record supports the following facts. The plaintiff became the audio-visual director of the college in December 1988. Beginning in 1991, the parties executed annual letters of reappointment that contained the terms

of the employment relationship for the upcoming academic year and identified the nature of the services to be provided, the duration of employment and the compensation to be received. The letter in effect at the time the plaintiff was fired in May 1999 provided:

> This letter is written to confirm New Hampshire College's intent to employ you as Director of AV Studio which is a ten/twelve month (please circle one) position. For the period commencing September 1, 1998 and continuing through August 31, 1999, your monthly salary will be $3,239.51[] to be paid in 12 installments, normally $38,874.12 per year.

> This is a non-contracted staff appointment which is covered under the policies and procedures outlined in the New Hampshire College Unified Handbook. All aspects of this letter are subject to your being available to perform the requirements of the position during all times required and to fulfill the duties of the position.

Following his termination, the plaintiff sued the college for breach of contract. He alleged that he was terminated without good cause and that the college arbitrarily refused to rehire him for the next academic year. At trial, at the close of all the evidence, the defendant's motion for directed verdict was denied. The jury subsequently returned a verdict for the plaintiff. This appeal followed.

The defendant argues that the trial court erred by failing to grant its motion for a directed verdict. It contends that, as a matter of law, the plaintiff was an at-will employee who could be terminated without cause, and it relies upon the letters of reappointment, disclaimers in the employee handbooks and handbook receipts and prior decisions of this court to support its argument. Specifically, the defendant contends that the plaintiff's "non-contracted" staff appointment made him an at-will employee, as a matter of law, and that the handbook, by its express disclaimers, did nothing to alter his employment status. The defendant points to an explicit disclaimer in the 1994 handbook, which stated that "[t]his Handbook shall not be considered a contract of employment" and the plaintiff's signed receipt for the handbook, which provided that "[t]his Handbook is not intended to be a contract or part of a contractual agreement between you and the College." Finally, the defendant argues that this case is controlled by our decisions in *Butler v. Walker Power, Inc.*, 137 N.H. 432 (1993), and *Panto v. Moore Business Forms, Inc.*, 130 N.H. 730 (1988).

■ A trial court may grant a motion for a directed verdict only if it determines, after considering the evidence and construing all inferences therefrom most favorably to the non-moving party, that no rational juror could conclude that the non-moving party is entitled to any relief. *Goodwin v. James*, 134 N.H. 579, 582 (1991). If the evidence adduced at trial is conflicting or permits several reasonable inferences, a motion for a directed verdict should be denied. *Vautour v. Body Masters Sports Indus.*, 147 N.H. 150, 153 (2001). We will uphold a trial court's ruling on a motion for a directed verdict when the record supports the conclusion that the trial court did not commit an unsustainable exercise of discretion. *Vincent v. Public Serv. Co. of N.H.*, 129 N.H. 621, 625 (1987); *cf. State v. Lambert*, 147 N.H. 295, 296 (2001) (explaining unsustainable exercise of discretion standard).

■ As a general rule, the interpretation of a contract is an issue of law for this court to resolve. *Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235 (1979). Where, however, there are disputed questions of fact as to the existence and terms of a contract, they should be resolved by the jury. *Maloney v. Company*, 98 N.H. 78, 82 (1953). In addition, when contract terms are ambiguous, and the trial court has properly looked to extrinsic evidence to determine the intent of the parties, determining the ambiguous terms' meaning should be left to the jury unless the meaning of the extrinsic evidence is so clear that reasonable people could only reach one conclusion. *Galloway v. Chicago-Soft*, 142 N.H. 752, 756 (1998). Before such issues can be submitted to the jury, the trial court must determine whether there is any evidence from which a reasonable jury could find a contract between the parties. *Maloney*, 98 N.H. at 82.

In the case before us, both parties signed the applicable letter of reappointment which, on its face, would allow a reasonable jury to find a contract between the parties. The letter appears to contain the essential elements of a contract—offer, acceptance, consideration and a meeting of the minds. *See Tsiatsios v. Tsiatsios*, 140 N.H. 173, 178 (1995). Neither the letter of reappointment nor the handbook, to which it referred, defined or explained the term "non-contracted" to mean at-will.

■ The letter of reappointment covered a term of twelve months. Generally, when an employee is not hired for a definite term he is considered an employee-at-will. *Butler*, 137 N.H. at 435. Where, however, an employment agreement specifies a definite term, it is generally implied that the employee can be discharged only for cause. *Toussaint v. Blue Cross & Blue Shield of Mich.*, 292 N.W.2d 880, 891 (Mich. 1980); 82 AM. JUR. 2D *Wrongful Discharge* § 7 (2003). A reasonable jury could have

concluded that the letter of reappointment constituted a contract for a definite term. Alternatively, viewed in the light most favorable to the plaintiff, the letter of reappointment along with the handbook and the signed receipt could have been reasonably interpreted as creating an ambiguity as to the nature of the plaintiff's employment status. *See Galloway*, 142 N.H. at 756. In fact, the trial court permitted extensive extrinsic evidence to clarify and explain the employment relationship between the parties and whether the defendant needed cause to terminate the plaintiff. *See id.*

At trial, the plaintiff also relied upon subsections of the handbook to prove that he was not an at-will employee. The reappointment rights subsection of the handbook stated that "[t]he College shall not arbitrarily or capriciously refuse to issue a letter of reappointment to continuing professional employees." The termination for cause subsection, which also governed professional employees, provided that "[t]he College may suspend, discharge or otherwise discipline a professional employee during the term of his/her appointment for just cause." The defendant conceded that these provisions were applicable to the plaintiff, but contested whether it was contractually obligated to provide them to the plaintiff. These subsections were arguably incorporated into the terms and conditions of the letter of reappointment by its express language, which provided that the plaintiff's non-contracted staff position was "covered under the policies and procedures outlined in the New Hampshire College Unified Handbook." These subsections, viewed in the light most favorable to the plaintiff, could reasonably have been found to govern both the plaintiff's reappointment and termination.

Contrary to the college's contention, our holdings in *Butler* and *Panto* do not mandate a directed verdict in this case. In those cases the underlying employment relationship was not in dispute. The plaintiffs were at-will employees. *Butler*, 137 N.H. at 435; *Panto*, 130 N.H. at 732. At issue was whether a policy statement or a handbook modified an otherwise at-will employment relationship. *Butler*, 137 N.H. at 436-37; *Panto*, 130 N.H. at 734-35.

In this case, the underlying employment relationship was in dispute. The plaintiff contended that the letters of reappointment created an employment relationship, which could only be terminated for cause. While the plaintiff argued that the handbook, expressly referenced as covering his "non-contracted" position, was consistent with his right to a for-cause termination standard, he did not attempt to use the handbook to transform an at-will relationship into something more.

■ The defendant's motion for directed verdict could only have been granted if the trial court found that the plaintiff's case was completely without merit. *Cloutier v. A. & P. Tea Co., Inc.*, 121 N.H. 915, 920 (1981). Because we conclude that sufficient evidence was presented to enable the jury to find for the plaintiff, we hold that the trial court did not commit an unsustainable exercise of discretion by denying the defendant's motion for a directed verdict.

*Affirmed.*

BROCK, C.J., and NADEAU, DALIANIS and DUGGAN, JJ., concurred.