Carroll
No. 2005-244

## H. BOONE PORTER, III & a.

### v.

### TOWN OF SANDWICH

Argued: November 16, 2005
Opinion Issued: January 18, 2006

*Ransmeier & Spellman, P.C.*, of Concord (*Timothy E. Britain* and *John T. Alexander* on the brief, and *Mr. Alexander* orally), for the plaintiffs.

*Mitchell & Bates, P.A.*, of Laconia (*Walter L. Mitchell* and *Laura A. Spector* on the brief, and *Ms. Spector* orally), for the defendant.

GALWAY, J. The plaintiffs, H. Boone Porter, III and Margaret C. Porter, appeal an order of the Superior Court (*O'Neill*, J.) granting the defendant Town of Sandwich's (Town) motion to dismiss. We reverse and remand.

The Porters allege the following. On May 14, 2003, the Porters and the Town entered into an agreement entitled, "Discretionary Preservation Easement Pursuant to RSA Chapter 79-D" (Agreement). RSA chapter 79-D permits towns to enter into agreements to reduce taxes imposed upon residents who own structures that are both historical and agricultural, because the maintenance of such structures benefits the public interest. RSA ch. 79-D (2003). In the instant case, the Agreement stated that the Porters would maintain their two historical, agricultural buildings and accept an easement on their land. In exchange, the Town agreed to assess the buildings for twenty-five percent less than their full value as of a certain date, and that such assessment would not increase as a result of repairs or improvements made in accordance with the Agreement. The Agreement also provided: "The parties make no agreement at this time regarding the interpretation of RSA 79-D as to how the Structures shall be assessed if the Town undergoes a general revaluation."

Subsequent to the Agreement, the Porters repaired their two historical structures. In the summer of 2004, the Town conducted a general revaluation of all properties, including the Porters'. The Town increased its assessment of the Porters' two historical structures from $8,407 to $50,527. After failed attempts to lower the assessment, the Porters sued the Town in superior court.

The Porters argued that the Town's increased assessment violated both the Agreement and RSA chapter 79-D. The Porters sought an adjudication of property rights, specific performance of the Agreement, and mandamus relief against the Town. The Town moved to dismiss, arguing that the Porters had essentially filed a claim for tax abatement, and that they failed to follow the statutorily prescribed procedure for such a claim, which requires a taxpayer seeking an abatement to first apply to the selectmen or assessors before petitioning the superior court. RSA 76:17 (2003). The trial court granted the Town's motion to dismiss, concluding that the Porters sought a tax abatement and that the trial court lacked subject matter jurisdiction to hear their claim because they did not follow the statutorily required procedure in RSA 76:17.

On appeal, the Porters argue that their suit did not seek a tax abatement, but rather a legal interpretation of RSA chapter 79-D and the Agreement. The Porters conclude that the trial court had jurisdiction to hear their suit because it raised questions of law, not a claim for abatement.

> In reviewing the trial court's grant of a motion to dismiss, our task is to ascertain whether the allegations pleaded in the plaintiff's writ are reasonably susceptible of a construction that would permit recovery. We assume all facts pleaded in the plaintiff's writ are true, and we construe all reasonable inferences drawn from those facts in the plaintiff's favor. We then engage in a threshold inquiry that tests the facts in the complaint against the applicable law.

*Berry v. Watchtower Bible & Tract Soc.*, 152 N.H. 407, 410 (2005) (quotations and citations omitted).

To determine whether the Porters sought an abatement, we consider our past holdings and interpretations of the applicable statutory language regarding abatements. In *Bretton Woods Co. v. Carroll*, after reviewing our prior decisions regarding tax abatement law, we clarified the fundamental principle of abatement law by stating, "[T]he true line of demarcation between what can and cannot be taken advantage of in [an abatement proceeding] . . . is whether the petitioner is unlawfully or unjustly taxed as between him and the other taxpayers." *Bretton Woods Co. v. Carroll*, 84 N.H. 428, 431 (1930). Since *Bretton Woods,* we have repeatedly reaffirmed that the issue in an abatement proceeding is whether the government has taxed the plaintiff out of proportion to other property owners in the taxing district. *E.g., Hodges v. Kensington*, 102 N.H. 399, 400 (1960); *Society Hill at Merrimack Condo. Assoc. v. Town of Merrimack*, 139 N.H. 253, 254-55 (1994). We have also held that an abatement proceeding may address a claim of inability to pay a tax levy. *Ansara v. City of Nashua*, 118 N.H. 879, 880 (1978); *Briggs' Petition*, 29 N.H. 547, 552 (1854).

Before the trial court, the Porters argued neither that they were unable to pay the higher taxes levied by the Town, nor that the Town assessed them disproportionately. They argued, instead, that the Town violated the Agreement and misinterpreted RSA chapter 79-D.

We have held that a plaintiff raising a question of law is not necessarily required to follow the statutorily prescribed abatement procedure. *Pheasant Lane Realty Trust v. City of Nashua*, 143 N.H. 140, 141-42 (1998). In *Pheasant Lane*, the City of Nashua taxed Pheasant Lane Realty

Trust's (Pheasant Lane) property once, and then issued a supplemental tax bill in the same year. *Id.* at 141. Pheasant Lane petitioned the superior court, seeking mandamus relief, a declaratory judgment, and a permanent injunction to prevent the additional tax. *Id.* The issue at trial was a question of law: whether RSA 76:14 (1991) permitted a governing body to issue a supplemental tax on an underassessed property. *Id.* The trial court granted Pheasant Lane's request for an injunction. *Id.* The City appealed, arguing that Pheasant Lane should have exhausted its administrative remedies before petitioning the superior court. *Id.* We affirmed the trial court's ruling, stating, "A party is not required to exhaust administrative remedies where the issue on appeal is a question of law rather than a question of the exercise of administrative discretion." *Id.* at 141-42.

In the instant case, the Porters argue issues of contractual and statutory law. The interpretation of a contract is a question of law. *Dillman v. N.H. College*, 150 N.H. 431, 434 (2003); *Erin Food Servs., Inc. v. 688 Props.*, 119 N.H. 232, 235 (1979). Statutory interpretation is also a question of law. *Pennelli v. Town of Pelham*, 148 N.H. 365, 366 (2002). The issues of law that the Porters raised posed threshold questions as to the legality of the assessment, not issues of proportionality or inability to pay. Assuming that all the facts that the Porters allege are true, and construing all reasonable inferences drawn from those facts in the Porters' favor, we conclude, based upon our decisions in *Bretton Woods* and *Pheasant Lane*, that the Porters were not required to follow the statutorily prescribed abatement procedure to confer jurisdiction on the superior court.

*Reversed and remanded.*

BRODERICK, C.J., and DALIANIS and DUGGAN, JJ., concurred.