**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2014-0267, <u>State of New Hampshire v. Hagen Esty-Lennon</u>, the court on March 12, 2015, issued the following order:**

Having considered the brief and memorandum of law, the court concludes that a formal written opinion is unnecessary in this case. Accordingly, we deny the motion of the defendant, Hagen Esty-Lennon, for a published opinion. The defendant appeals his conviction, following a bench trial in the Circuit Court (<u>Coughlin</u>, J.), on one count of violating a domestic violence protective order. <u>See</u> RSA 173-B:9 (2014). We reverse.

The trial court could have found, or the record supports, the following facts. The defendant's wife filed for divorce in December 2012. After a hearing in February 2013, the court issued a domestic violence final order of protection against the defendant that was in effect between March 2013 and March 2014.

In April 2013, while the wife was employed at a hair salon, someone posted a picture on the salon's Facebook page. The picture depicted a sign with the words "Hoe for Hire" on it and contained the wife's cellular telephone number. The wife testified that she received multiple anonymous text messages and phone calls regarding the Facebook picture. She further testified that she found both the picture and the anonymous communications to be insulting, taunting, and harassing.

The wife contacted the police, and the investigating officer eventually traced the Facebook post to a woman who worked with the defendant. At trial, the woman admitted to posting the picture at the defendant's request.

In August 2013, the State issued a complaint against the defendant. The complaint alleged that he knowingly violated the domestic violence order in contravention of RSA 173-B:9, "by having a third party post a picture on [F]acebook[,] which insults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response[,] thereby harassing [the wife]." <u>See</u> RSA 644:4, I(c) (2007). A trial was held in March 2014. The court found the defendant guilty, and this appeal followed.

The defendant first argues that the State introduced insufficient evidence to convict him. <u>See</u> <u>State v. Germain</u>, 165 N.H. 350, 354–55 (2013). He asserts that, pursuant to the complaint, the State undertook to prove harassment, as defined in RSA 644:4, I(c), by demonstrating that he violated the protective order and engaged in harassment when he requested a third

party to post the picture on Facebook.  See RSA 644:4, I(c) (defining harassment as when one person "[i]nsults, taunts, or challenges another in a manner likely to provoke a violent or disorderly response").  The defendant maintains that "to prove the elements of harassment under RSA 644:4, I(c)," and, consequently, to prove that he violated the domestic violence order, "the State must prove that the defendant and the victim were in close physical proximity at the time the insult was delivered."  Because there was no evidence at trial that the picture posted on Facebook was "made in the context of a face-to-face encounter with [the wife]," or in similarly close physical proximity, the defendant asserts that there was insufficient evidence to convict him.

The State agrees with the defendant and concedes that "the defendant is correct that there was insufficient evidence to uphold his conviction because no evidence was presented at trial to support a finding that the defendant and [the wife] were in physical proximity when the speech occurred."  The record also reflects that the State previously confessed judgment on identical grounds in a similar case.

Accordingly, we reverse the defendant's conviction.  Because the parties agree that there was insufficient evidence to convict the defendant, we need not reach their arguments concerning the constitutionality of RSA 644:4, I(c) and whether, to be constitutional, that statute requires physical proximity between the speaker and the addressee.  "We follow an established policy against reaching a constitutional issue in a case that can be decided on a non-constitutional ground."  Chapman v. Douglas, 146 N.H. 209, 211 (2001); see also State v. Hodgkiss, 132 N.H. 376, 379 (1989).  We need not address the defendant's remaining arguments.

Reversed.

DALIANIS, C.J., and HICKS, CONBOY, LYNN, and BASSETT, JJ., concurred.

**Eileen Fox,**
**Clerk**