# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2023-0545, <u>Merrimack Premium Outlets, LLC & a. v. Town of Merrimack</u>, the court on February 28, 2025, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(3). The plaintiffs, Merrimack Premium Outlets, LLC and Merrimack Premium Outlets Center, LLC, appeal orders of the Superior Court (<u>Colburn</u>, J.) denying their motion for entry of final order as to tax year 2017, deeming their motion for summary judgment moot, and dismissing their amended complaint in this action challenging the reassessment of taxable property (the Property) by the defendant, Town of Merrimack (Town). We affirm in part, reverse in part, and remand.

This appeal follows our remand of this case in <u>Merrimack Premium Outlets v. Town of Merrimack</u>, 174 N.H. 481 (2021). The detailed factual background of this case was recited in <u>Merrimack Premium Outlets</u>. Briefly, following a 2016 revaluation of all taxable property in the municipality, the Town became aware that a higher valuation of the Property had been used in connection with securing a loan. <u>Merrimack Premium Outlets</u>, 174 N.H. at 483. Believing that it had severely undervalued the Property in 2016, the Town increased the Property's assessment for the 2017 tax year. <u>Id</u>. The plaintiffs sued for declaratory and injunctive relief and, in an appeal challenging multiple trial court rulings, we held "that the trial court erred in ruling that the Town had the authority to correct its undervaluation of the Property by adjusting its assessment pursuant to RSA 75:8." <u>Id</u>. at 483, 489. We accordingly reversed and remanded, and noted that disposition obviated the need to address the parties' remaining arguments. <u>Id</u>.

On remand, the plaintiffs filed a motion seeking a final order as to tax year 2017, arguing that the opinion and mandate in <u>Merrimack Premium Outlets</u> made it "clear that no further action is required by the trial court other than the entry of judgment in favor of the Plaintiffs with respect to tax year 2017." The plaintiffs also filed a motion for partial summary judgment in the now-consolidated action relating to tax years 2017 through 2020. Both motions sought a refund of the amount of taxes attributable to the reassessment of the Property, plus statutory interest.

The trial court denied the motion for final order.  In a subsequent order, issued in November 2022, the trial court noted the "tortured procedural history" of the consolidated cases and stated that "[a]s such, the Court is not entirely sure which claims for which tax years are even still before it or what relief, exactly, the plaintiffs are seeking for each tax year and the legal basis for that relief."  Accordingly, the trial court "exercise[d] its case management authority to require the plaintiffs to file a single complaint that includes all of their claims (constitutional, statutory, equitable, or otherwise) and requests for relief arising from every tax year at issue (presumably 2017 through 2020)."  It further instructed:

> This new complaint will be the operative complaint going forward and will supersede all of the prior complaints in each of the consolidated docket numbers.  The plaintiffs shall file it as if this Court has made no prior dismissal rulings in any of these cases, but should take into consideration the supreme court's opinion and the current realities when deciding which claims to bring.

In light of that ruling, the trial court deemed the plaintiffs' motion for summary judgment to be moot.

The plaintiffs filed an amended complaint setting forth two counts, the first captioned as a "statutory claim" and the second as an "equal protection claim."  (Capitalization omitted.)  The Town filed a motion to dismiss both counts, which the trial court granted.  The court ruled that to the extent count I sought a declaratory judgment, it must be dismissed as moot because Merrimack Premium Outlets "effectively provided the declaratory relief the plaintiffs seek."  The court further ruled that to the extent count I was "a statutory cause of action premised on a violation of RSA 75:8," it failed to state a claim for which relief may be granted because a violation of RSA 75:8 does not support a private right of action.

With respect to the equal protection claims, the court ruled that the plaintiffs could not maintain a claim under the State Constitution because the abatement process provided them an adequate remedy at law.  The court also ruled that to obtain damages for a violation of the Federal Constitution, the plaintiffs were required to bring a claim under 42 U.S.C. § 1983, and that, even construing count II as such, it failed to allege sufficient facts to state a viable claim.  This appeal followed.

The plaintiffs first argue that the trial court erred in refusing to enter a final judgment as to tax year 2017.  The trial court noted that, procedurally, Merrimack Premium Outlets merely reinstated the plaintiffs' previously-dismissed statutory claim, and the court ruled that it would be inappropriate to enter judgment when "the Court has never held a trial in this matter or ruled

on a motion for summary judgment" or "hear[d] any of the evidence in this case."

We agree with the plaintiffs that Merrimack Premium Outlets "conclusively ruled that RSA 75:8 did not authorize the Town's 'corrected' 2017 reassessment of the Property," and that, as the "law of the case," this legal ruling was binding precedent to be followed on remand. See Merrimack Valley Wood Prods. v. Near, 152 N.H. 192, 201 (2005). However, we disagree with the plaintiffs' assertion that our decision "left no unresolved factual issues with respect to the 2017 tax year for the trial court's consideration." Any remedy for the unauthorized reassessment would require factual findings relating to, at least, the amount of taxes imposed before and after reassessment, but no such factual findings were at issue in Merrimack Premium Outlets. See Merrimack Premium Outlets, 174 N.H. at 483-84. Even if we assume that, as the plaintiffs contend, "[t]here is no genuine dispute" as to many, or even all, of the material facts, that contention must be tested on a properly-filed motion for summary judgment. Accordingly, we affirm the trial court's denial of the plaintiffs' motion for entry of final order as to tax year 2017.

We now turn to the plaintiffs' argument that the trial court erred in dismissing count I of their amended complaint. "In reviewing an order granting a motion to dismiss, we assume the truth of the facts as alleged in the plaintiff[s'] pleadings and construe all reasonable inferences in the light most favorable to the plaintiff[s]." Barufaldi v. City of Dover, 175 N.H. 424, 427 (2022). "The standard of review in considering a motion to dismiss is whether the plaintiff[s'] allegations are reasonably susceptible of a construction that would permit recovery." Id. "This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law." Id. "We will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief." Id.

The plaintiffs argue that the trial court erred in focusing on count I's "Statutory Claim" title and adopting the Town's "private right of action" argument to dismiss that count. (Quotation omitted.) They argue that they were not required "to identify a statutory private right of action to obtain a refund of illegally assessed property taxes," but that, "[t]o the contrary, a taxpayer that involuntarily pays an illegal tax assessment is necessarily entitled to a refund of its payment, with interest at the statutory rate."

The Town contends that this construction of count I is an attempt by the plaintiffs "to convert their statutory claim into a common law claim" that was first — and untimely — raised in their motion for reconsideration and properly rejected on that basis by the trial court. We disagree. As the plaintiffs correctly note, New Hampshire is a notice pleading jurisdiction. See Toy v. City of Rochester, 172 N.H. 443, 448 (2019). A complaint with sufficient factual allegations "need not do more than state the general character of the action

3

and put both court and counsel on notice of the nature of the controversy." Id. (quotation omitted). Count I of the amended complaint put both the trial court and the Town on notice of the nature of the plaintiffs' claim; namely, that the Town lacked statutory authority to change the 2016 assessment for the Property and, therefore, the plaintiffs are entitled to a refund of the difference between the taxes they paid in the applicable tax years and the taxes they would have paid but for the illegal reassessment. The plaintiffs do not claim a cause of action "under" RSA 75:8; rather, they pleaded the lack of authority under that statute, as well as under RSA 75:8-b, as the basis for their claim that the "Town's illegal assessments of the Property for tax years 2017 through 2020 have caused the Plaintiffs to pay illegal and unauthorized taxes" for which they are entitled to a refund. See RSA 75:8 (2012) (amended 2022), :8-b (2012).

The Town nevertheless contends that even an illegal assessment does not entitle a taxpayer to a refund. Rather, it argues, the taxpayer's exclusive remedy lies in the abatement process. We have stated generally that "New Hampshire tax abatement statutes provide the exclusive remedy to a taxpayer dissatisfied with an assessment." Porter v. Town of Sanbornton, 150 N.H. 363, 367 (2003). As the Town points out, early New Hampshire cases also state that the abatement remedy applies "not only when the assessment is made upon an overvaluation, but also when the whole assessment is illegal." Edes v. Boardman, 58 N.H. 580, 584 (1879). We have, however, subsequently disavowed that expansive view of the abatement remedy. See Bretton Woods Co. v. Carroll, 84 N.H. 428, 430 (1930), abrogating, in relevant part, Rowe v. Hampton, 75 N.H. 479, 480 (1910). We have recognized that "the issue in an abatement proceeding is whether the government has taxed the plaintiff out of proportion to other property owners in the taxing district" and distinguished that inquiry from "questions as to the legality of the assessment." Porter v. Town of Sandwich, 153 N.H. 175, 177-78 (2006). Moreover, we have held that because the inquiry into the legality of an assessment raises a question of law, a plaintiff bringing such a challenge "is not necessarily required to follow the statutorily prescribed abatement procedure." Id. at 177.

Thus, in Town of Sandwich, we held that plaintiffs who raised "questions as to the legality of the assessment, not issues of proportionality or inability to pay," were not required to commence an abatement proceeding to confer on the superior court jurisdiction to adjudicate their claims. Id. at 178. Similarly, in a case that, like this one, involved a reassessment of property based on subsequently-acquired information, we held that the taxpayer was not required to exhaust administrative remedies when "[t]he only substantive issue raised . . . [was] the authority for the city's supplemental assessment for underassessed property under RSA 76:14." Pheasant Lane Realty Trust v. City of Nashua, 143 N.H. 140, 141-42 (1998).

4

Here, as in Pheasant Lane, the plaintiffs' action does not raise issues of proportionality or inability to pay, but, rather, challenges the legality of the Town's assessment of the Property. Accordingly, to the extent the trial court based its dismissal of count I on the ground that the plaintiffs' sole remedy lay in the abatement process, it erred. Moreover, to the extent the Town contends that the plaintiffs must prove disproportionality to prevail on count I, they are mistaken. The Town simply cannot impose a tax based upon an assessment made without statutory authority: "Because the power to tax arises solely by statute, the right to tax must be found within the letter of the law and is not to be extended by implication." Id. at 143 (quotation and citations omitted); see id. at 141-44 (affirming injunction preventing city from imposing taxes based upon reassessment of property not authorized by statute).

As noted previously, our holding in Merrimack Premium Outlets that the Town lacked authority under RSA 75:8 to adjust its assessment of the Property to correct its prior undervaluation is the law of the case. See Merrimack Premium Outlets, 174 N.H. at 489. The plaintiffs' amended complaint pleads the factual allegation — as yet untested — that the Town carried the increased 2017 tax year assessment forward for each subsequent tax year through 2020. The amended complaint also alleges that "[t]he Town did not authorize an annual appraisal at market value for any of tax years 2017, 2018, 2019, or 2020," which, if true, would eliminate RSA 75:8-b as statutory authority for reappraisal of the Property in tax years 2017 through 2020. See RSA 75:8-b. In addition, as noted previously, factual allegations relevant to a remedy for unauthorized reassessment also remain to be proven. Accordingly, we reverse and remand for the trial court to make the necessary factual findings and fashion an appropriate remedy. In doing so, the trial court may consider the plaintiffs' motion for summary judgment that it previously deemed moot or permit the plaintiffs to file a new motion for summary judgment as stated in its November 2022 order. Accordingly, we find it unnecessary to address the plaintiffs' argument that the trial court erred in failing to grant, or even consider, their motion for summary judgment.

The plaintiffs also challenge the dismissal of their equal protection claim — count II of their amended complaint. As we read the plaintiffs' amended complaint, this count pleads an alternative legal theory on which they claim entitlement to the same relief sought in count I. Having reversed the dismissal of count I, and clarified the scope of our remand, we find it unnecessary to address the plaintiffs' challenge to the dismissal of their constitutional claim. See Chapman v. Douglas, 146 N.H. 209, 211 (2001) ("We follow an established policy against reaching a constitutional issue in a case that can be decided on a non-constitutional ground.").

5

We have considered, and are not persuaded by, the Town's remaining arguments for affirmance.

<u>Affirmed in part; reversed in part; and remanded</u>.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,
Clerk**